FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 14 2016

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LEVON ALLEN | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. |
| | ) | |
| V. | ) | 1:16-CV-4222 |
| | ) | |
| RITE AID CORPORATION | ) | JURY TRIAL DEMANDED |
| | ) | |
| DEFENDANT, | ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Levon Allen who was adversely affected by such practices. Mr. Allen was subjected to discriminatory practices while store manager for Rite Aid. Mr. Allen attempted to get redress from these workplace practices and contacted Rite Aid corporate. However, the discriminatory practices continued with corporate offering him little help. As a result Mr. Allen filed an EEOC complaint and during the pendency of his investigation his employer retaliated by terminating his employment.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sect. 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sect. 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Sect. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff is a male citizen domiciled and residing within the State of Georgia.

4. At all relevant times, Rite Aid Corporation, (the "Defendant"), has continuously been a foreign corporation licensed to do and doing business in the State of Georgia and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sect.2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. Plaintiff filed an EEOC complaint with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since Plaintiff began his employment, namely March 16, 2012, Defendant has engaged in unlawful employment practices subjecting him to violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sect. 2000e-2(a) and Sect. 2000e-3(a).

8. Plaintiff initially worked as a store manager and immediately began receiving ridicule from his Manager, Dennis Mack. Mr. Mack would express his dislike of Plaintiff's appearance, namely the fact that he wore dreadlocks. Mr. Mack was also discovered to have created a fraudulent customer complaint against Plaintiff.

9. Plaintiff did not want to resign so he decided to accept a lower-paid position as an Asset Protection Associate in an effort to avoid the deteriorating work conditions under then manager Dennis Mack.

10. Under the new position Plaintiff continued to experience discriminatory practices. Plaintiff reported this mistreatment to manager Virgil Givens. Virgil Givens did not offer Plaintiff any relief but also began to subject him to disparate treatment. As an Asset Protection

Associate, your success on the job is determined by the number of investigations you were successful at closing. While other similar situated non-African American employees were allowed to work in their regular clothing to conduct investigations, management required Plaintiff to wear a Rite-Aid uniform while conducting in-store customer and employee thefts. As a result of this requirement, Plaintiff's investigations were not as successful as the non-African American Asset Protection Associates (APAs).

11. Plaintiff complained of the disparate treatment to Rite Aid corporate and was directed to contact Anna Socash and Paul Seal (investigator). After a brief investigation, Plaintiff received communication from Anna Socash who admitted his work conditions appeared discriminatory but no resolution was offered.

12. Plaintiff's last effort, before initiating an EEOC complaint, was meeting with Zita Scott, Regional HR manager, in the summer of 2014 to discuss his workplace treatment. Again, no resolutions were made and Plaintiff initiated an EEOC complaint. After the filing of the EEOC complaint, plaintiff learned that Dennis Mack, and Virgil Givens, the main actors of his initial mistreatment, were fired.

13. Plaintiff was discharged on June 16, 2016 while an open EEOC investigation was pending for articulated reasons that are unworthy of credence.

14. The effect of the practice(s) complained of in paragraphs 7 - 13 above has been to deprive Levon Allen of equal employment opportunities and otherwise adversely affect his status as an employee because he engaged in protected activity.

15. The unlawful employment practices complained of in paragraphs 7 - 13 above, were intentional.

16. The unlawful employment practices complained of in paragraphs 7 - 13 above, were done with malice or with reckless indifference to the federally protected rights of Levon Allen.

**PRAYER FOR RELEIF**

Wherefore, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against individuals who engage in protected activity, or engaging in any employment practices which result in the unequal payment of wages based on race.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Levon Allen by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D. Order Defendant to make whole Levon Allen by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E. Order Defendant to make whole Levon Allen by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Levon Allen punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Plaintiff its costs of this action.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

This 11th day of November 2016.

Respectfully Submitted,

/s/Dorey N. Cole
Dorey N. Cole
Georgia Bar No. 489664
dorey@colelawgroup.com

Cole Law Group, LLC
1401 Peachtree St. NE Suite 500
Atlanta, Georgia 30309
678-832-1003 (Office)
800-734-8120 (Fax)